IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:17-CR-573-D(08) |
| VS. § | |
| § | |
| JEREMIAH JASON MCGREGOR, § | |
| #02218349, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Jeremiah Jason McGregor's ("McGregor's") May 26, 2022 motion for nunc pro tunc and July 12, 2022 motion for bench warrant are denied.

The Texas Department of Criminal Justice ("TDCJ") has confirmed telephonically that, contrary to McGregor's assertion, the TDCJ has a detainer from the Bureau of Prisons ("BOP") for McGregor. When McGregor is released from TDCJ custody, the TDCJ will turn him over to the BOP. Because no hearing is needed on this matter, McGregor's motion for bench warrant is denied.

In McGregor's motion for nunc pro tunc, he renews arguments based on the Double Jeopardy Clause, which the court previously construed as challenging the execution of his sentence and dismissed for want of jurisdiction. McGregor also seeks credit for time already served in state custody.

The proper method for challenging the execution of a sentence is through a habeas corpus petition under 28 U.S.C. § 2241. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (stating that petitions under § 2241 are used to attack the manner in which a sentence is executed). A motion for jail time credit is also cognizable as a habeas corpus petition under § 2241. *See United States*

*v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (per curiam); *see also United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (holding the Attorney General, through the BOP, has the responsibility to calculate credit under 18 U.S.C. § 3585 for any time spent in official detention after the defendant has begun to serve his sentence); *United States v. Dowling*, 962 F.2d 390, 392 (5th Cir. 1992) (same and noting prisoner must seek administrative review before filing a habeas application). Such a petition, however, must be brought in the judicial district in which the petitioner is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 & n.3 (5th Cir. 2001) (holding the district of incarceration is the only district with jurisdiction to entertain a § 2241 petition).

Because McGregor is presently confined within the Southern District of Texas, this court lacks jurisdiction to consider his challenge to the execution of his sentence. *See id.* Therefore, construing his nunc pro tunc motion as a petition for habeas relief under § 2241, the court dismisses the petition without prejudice for lack of jurisdiction.

* * *

McGregor's motions for bench warrant and order nunc pro tunc are denied. and his construed petition for habeas relief under 28 U.S.C. § 2241 is dismissed without prejudice for lack of jurisdiction.

The clerk of the court is directed to open for statistical purposes a new habeas corpus case under 28 U.S.C. § 2241 (nature of suit 530 directly assigned to the same district judge and

magistrate judge as this case), and to close the same on the basis of this order.

**SO ORDERED**.

July 18, 2022.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　SENIOR JUDGE